UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON CAMPBELL,

    Petitioner,

v.                                      CASE NO. 6:07-cv-1800-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 15).

Petitioner alleges two claims for relief in his habeas petition: (1) trial counsel rendered ineffective assistance by failing to file a motion to dismiss the charge of robbery, and (2) trial counsel rendered ineffective assistance by failing to object to the assessment of victim injury points on Petitioner's sentencing scoresheet.

I.    *Procedural History*

Petitioner was charged with felony driving while license revoked, aggravated battery on a law enforcement officer, aggravated battery, robbery, felony petit theft, felony

driving while license suspended, resisting merchandise recovery, possession of 20 grams or less of cannabis, and possession of drug paraphernalia. On September 3, 2003, Petitioner pled guilty to all charges. On December 2, 2003, Petitioner was adjudicated guilty and sentenced to a term of 102.9 months imprisonment. Petitioner appealed, and the Fifth District Court of Appeal *per curiam* affirmed on September 28, 2004.

On May 17, 2005, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. An evidentiary hearing was conducted on November 15, 2006, and on November 22, 2006, the court entered an order denying all relief. Petitioner appealed, and the state appellate court *per curiam* affirmed on August 14, 2007. Mandate was issued on September 4, 2007.

Petitioner filed the instant petition for habeas corpus on November 7, 2007.

## II. *Legal Standards*

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of

state-court rulings is highly deferential and that state court decisions must be given the benefit of the doubt).

## A. *Standard of Review Under the AEDPA*

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Schwab v. Crosby*, 451 F.3d 1308, 1324 (11th Cir. 2006) (stating that the federal law relevant to this analysis is the United States Supreme Court precedent "in existence at the time the conviction became final").

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent consideration a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

3

> indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id*. at 689. "Thus, a court deciding an actual

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their client by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumption, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Discussion

#### A. Claim One

Petitioner argues that trial counsel rendered ineffective assistance by failing to file a motion to dismiss the robbery charge from the information. According to Petitioner, the facts were not sufficient to sustain the robbery charge because he abandoned the stolen property before he used force against the officers. Respondents assert that this claim is

procedurally barred because Petitioner withdrew this claim during his state post-conviction hearing held on November 15, 2006. Respondents are correct.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a

procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

A review of the record demonstrates that Petitioner decided not to pursue this claim because he did not want the potential remedy if the claim was to be granted. During the Rule 3.850 evidentiary hearing, Petitioner's post-conviction counsel stated that Petitioner wished to withdraw this claim of ineffective assistance of counsel because if granted, the appropriate relief would be for Petitioner to withdraw his guilty plea to the robbery charge and go to trial, which was not the relief Petitioner was seeking. After this representation, the following exchange occurred:

> The Court: Let me clarify before I turn it over to the state. The two bases for relief for which the Court set a hearing, you mentioned the one that you have -- are withdrawing at this time, recognizing the potential remedy would be to allow the withdrawal of the plea. And my question of you, Mr. Campbell, is do you agree with that and authorize your attorney to withdraw that claim on your behalf?
>
> Petitioner: Yes, Your Honor.

(App. B at 208-09.)

By initially raising this ineffective assistance of counsel claim in his Rule 3.850 motion but later dismissing the claim prior to the state court's adjudication of it on the merits, Petitioner failed to properly exhaust this claim in state court. *See e.g., Pearson v. McDonough*, No. 8:05-cv-699-T-17TGW, 2007 U.S. Dist. LEXIS 27585, at *41 (M.D. Fla. Apr. 4, 2007) (finding the petitioner's claim procedurally barred because he withdrew the claim at his Rule 3.850 evidentiary hearing). Consequently, he is barred by state procedural rules

from raising it now and has procedurally defaulted on the claim for federal habeas purposes. Accordingly, the Court must deny this claim unless Petitioner establishes one of the two exceptions to the procedural default bar.

First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*. In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not shown that applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim one is procedurally barred.

Alternatively, even if this Court were to consider the merits of claim one, it would be deemed meritless. In Petitioner's Rule 3.850 motion, he argued that the factual basis presented at his plea hearing did not support the robbery charge.[2] However, the trial court

---

[2] During the plea colloquy, Petitioner testified and the State supplemented with facts showing Petitioner stole a pair of shoes from JC Penney and when he was confronted by store security, he tried to flee. One of the two store security officers chased Petitioner, and Petitioner testified he said, "leave me alone. I didn't do anything. I didn't steal anything;" threw the pants on the ground, said "leave me alone" again; and kept running. During the chase, Petitioner turned around towards the officers, took off the shoes and threw them. He was subsequently tackled by an officer. Petitioner testified he "was just in a struggle" with one of the men. In the parking lot, two store security officers and the off duty police officer tried to prevent the Petitioner from leaving. The off duty officer suffered a dislocated finger as a result of the struggle with Petitioner. Eventually Petitioner got into his car, started it, and left. *See* Plea Transcript at 14-21.

found otherwise. Specifically, the trial court determined there was a factual basis from which a jury could find that Petitioner had committed robbery because he put the pursuing officer/victim in fear when he stopped, turned around, and threw the stolen shoes. The record supports that state court's determination. Moreover, Petitioner has failed to rebut by clear and convincing evidence the presumption of correctness this Court must give to the facts the state court found to support the robbery charge. *See* 28 U.S.C. § 2254(e). As such, the Court concludes that counsel did not have a sufficient basis by which to file a motion to dismiss. Because counsel cannot be deemed ineffective for failing to raise a meritless issue, this claim would be denied if it was not otherwise procedurally barred. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir. 1989).

### B. *Claim Two*

Petitioner contends that trial counsel rendered ineffective assistance by failing to object to the court's improper assessment of victim injury points to his sentencing scoresheet. Petitioner asserts that he should have been assessed four points, rather than twelve points, because there was only one victim injured.

The state trial court determined that this claim was refuted by the record and summarily denied it prior to Petitioner's post-conviction hearing. In denying relief, the court explained that it imposed twelve injury points because three victims received slight injuries. In support of this finding, the court cited to the prosecutor's explanation of events that took place after Petitioner was told he was under arrest.

> At that time the defendant put it in gear, in reverse. At that point in time, both Joe Antas, the first security officer, and Officer Young have their heads within the driver's side area of the car. The defendant was about ready to drive. They are telling him not to. The top portions of their bodies are actually inside the driver's side area. Joe Antas is actually in the defendant's lap. The third person, who is the second loss prevention officer, is outside of the car yet within the doorway of the car area where the driver sits, and is trying to grab the defendant's hair to pull him out because he sees the defendant has keys in his hand. He sees keys. The defendant puts it in reverse, and the tires squeal is what the witness will tell you. Officer Young and Joe Antas are propelled back because of the car's momentum hitting them into Ed Dillabough who is the first loss prevention officer. Ed Dillabough gets a dislocated finger. Officer Young and Joe Antas hit the ground. The car door gazing over, I believe, Joe Antas, and that's when the car takes off. They don't follow. They just radio for help.

(App. D at 117 citing Plea Transcript at 18.)

Petitioner has failed to rebut the presumption of correctness accorded to the state trial court's finding that Ed Dillabough, Officer Young, and Joe Antas all received slight injuries during the robbery. As such, the Court concludes that counsel had no basis on which to object to the state trial court's assessment of victim injury points, and counsel cannot be deemed ineffective for failing to raise a meritless objection.

Petitioner has failed to establish that the state court's adjudication of this claim was contrary to or an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Jason B. Campbell is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 30th day of April, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 4/30
Counsel of Record
Jason B. Campbell